IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOBY POPE,

      Plaintiff,                   No. CIV S-11-0101 LKK GGH P

   vs.

R. GARCIA, et al.,

      Defendant.            <u>ORDER</u>

_____/

      On September 7, 2011, the U.S. Marshal filed a request for the reimbursement of the fees associated with personal service of defendant Garcia. Defendant Garcia (by way of Linda Young, Litigation Coordinator at California State Prison (CSP)-Sacramento) was personally served by the U.S. Marshals Service on August 31, 2011. Docket # 18. By order, filed on September 14, 2011, this court directed defendant Garcia to respond to the request. Counsel for defendant Garcia responded, on September 16, 2011, by a declaration wherein he attests that, although his office did not receive defendant Garcia's signed request for representation until September 6, 2011, the request was signed and dated June 23, 2011. Docket # 25, Declaration of M. Wrosch, ¶¶ 1, 9.

      When his office had agreed to represent the defendants in this action, they requested the service documents and signed requests for representation from CSP-Sacramento on

June 22, 2011, and they received on that date signed requests for representation for three of the defendants, according to M. Wrosch. Wrosch Dec., ¶¶ 4-5. Also on June 20, 2011, counsel for defendants followed up with the CSP-Sacramento Litigation Department requesting defendant Garcia's request for representation, which they did again twice on June 23, 2011, and again on August 30, 2011. Id., ¶¶ 5.6. When counsel sought information, on September 15, 2011, from the CSP-Sacramento Litigation Department regarding service of defendant Garcia, he was informed that they had received Garcia's request for representation on June 23, 2011 and had forwarded it both to the state Office of Legal Affairs and the state Attorney-General's Office, neither of which provided the signed request to counsel's office. Id., ¶ 10. Defendants' counsel explains that the procedure for receiving service documents can cause delays and misplaced documents. Id., ¶ 11.

Under Fed. R. Civ. P. 4(d)(2), the court is authorized to impose the cost of service on a defendant located in the United States who, when requested by a plaintiff, fails to sign a waiver and return it without good cause. In the circumstances, the court will not impose the cost of personal service of defendant Garcia, who was evidently not dilatory in providing the necessary documentation to the litigation department to be represented, at or about the same time as the other defendants for whom service was waived, and thereafter was apparently delayed through no fault of his own. Nor was his counsel remiss in his office's several efforts to obtain the form they needed to proceed on his behalf. It is unfortunate that the Marshals Service was tasked and taxed with the cost and effort of unneeded service of process, but it was not unforeseeable that the inadvertent delay occurred in light of the cumbersome system by which the request forms are evidently processed. In any event, defendant Garcia will not be ordered to pay the cost of personal service and the Marshals' request will be denied.

Accordingly, IT IS ORDERED that:

1. The request for reimbursement for personal service of defendant Garcia, filed on September 7, 2011 (docket # 19), is denied; and

1     2. The Clerk of the Court is to serve a copy of this order upon Rochelle Wills, United States Marshals Service.

DATED: November 7, 2011

               /s/ Gregory G. Hollows
              UNITED STATES MAGISTRATE JUDGE

GGH:009
pope0101.ord2