```
                    UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

JACOBY POPE,

        Plaintiff,

   v.

R. GARCIA, et al.,

        Defendant.

          NO. CIV. S-11-0101 LKK/AC P

          O R D E R

     The court is in receipt of Defendants' Bill of Costs, totaling $967.00. Defs' Bill of Costs, ECF No. 55. For the reasons provided herein, the court declines to award costs to Defendants.

     Plaintiff, a state prisoner proceeding pro se, brought this case pursuant to 42 U.S.C. § 1983, for alleged deprivation of his rights under the First and Fourteenth Amendments. Plaintiff's claim was based upon the Defendants' taking, and management of, materials mailed to Plaintiff by Attorney Paul Echols. Plaintiff alleged that, without access to his legal materials, he was unable to timely file his habeas petition and was procedurally barred from seeking federal habeas relief. Following this court's review of

Defendants' motion for summary judgment, judgment was entered for Defendants. <u>See</u> Findings & Recommendations, ECF No. 52; Order, ECF No. 53.

Federal Rule of Civil Procedure 54(d) governs the taxation of costs to the prevailing party in a civil matter.[1]  Pursuant to Federal Rule of Civil Procedure 54(d)(1), unless a court order provides otherwise, costs (other than attorney's fees) "should be allowed to the prevailing party."  This rule creates a presumption that costs will be taxed against the losing party. <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc).  However, if the losing party has demonstrated why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs." <u>Id.</u>, at 591; <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) ("the losing party must show why costs should not be awarded").  If the court declines to award costs, it must state its reasons, giving the reviewing court an opportunity to determine if that discretion was abused. <u>Save Our Valley</u>, 335 F.3d at 945.

In considering whether costs should be denied, this court considers: the losing party's limited financial resources; the chilling effect of imposing such high costs on future civil rights litigants; whether the issues in the case are close and difficult; and whether Plaintiff's case, although unsuccessful, had some merit. <u>Ass'n of Mexican-American Educators</u>, 231 F.3d at 592-93.

---

[1] In the Eastern District of California, this rule is implemented by Local Rule 292. E.D. Cal. R. 292 (2013).

Plaintiff, a state prisoner, is indigent. At the initiation of this lawsuit, Plaintiff filed an application to proceed in forma pauperis, in which he attested that, although he "received sums of $400 from a friend of the family, twice" in the year before he filed the application, he had no other assets or income. Pl's Appl., ECF No. 2. This court then required Plaintiff to pay the statutory filing fee of $350.00 for this action. Order, ECF No. 6.

The court finds that Plaintiff has sufficiently demonstrated that he has limited financial resources. Taxing Plaintiff $967.00 in costs would chill future civil rights litigants, especially those of modest means. Furthermore, even though Plaintiff's case was ultimately unsuccessful, it raised issues of merit. The presumption that costs should be awarded to the prevailing party is rebutted in this case.

Accordingly, the court exercises its discretion to DECLINE to tax costs in favor of Defendants.

IT IS SO ORDERED.

DATED: July 12, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3